IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HERCHEL TYLER, M10952,**
**Petitioner,**

**vs.**

**ROGER WALKER,** *et al.*,
**Respondents.**                                              No. 10 - CV - 00515 DRH

## ORDER

**HERNDON, Chief Judge:**

Petitioner Herchel Tyler, currently an inmate in the Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). On January 4, 2010, petitioner pled guilty in Cook County, Illinois, to aggravated unlawful use of a weapon and unlawful possession of a weapon by a felon. He was sentenced to four years' incarceration with recommended placement in the Boot Camp Impact Incarceration Program.

This case is now before the Court for a preliminary review of the petition pursuant to RULE 4 of the RULES GOVERNING § 2254 CASES IN UNITED STATES DISTRICT COURTS. RULE 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**THE PETITION**

On January 26, 2010, petitioner entered the Impact Incarceration Program in Du Quoin, Illinois. *See generally* 730 ILCS 5/5-8-1.1. That program usually runs 120–180 days, and successful completion of the program would have resulted in petitioner's early release from custody, on or before July 26, 2010. On March 24, 2010, an incident occurred between petitioner and Correctional Officer Charlie Bratcher. Before the morning count was done, petitioner attempted to go to the restroom. Bratcher pushed him back into position. Petitioner "became assertive" and protested, saying he needed to urinate. Bratcher took petitioner to the front office and told him that he would be terminated from the program. Shortly afterward a Lieutenant Tim Mabrey handcuffed petitioner and put him in a transport van to the Pinckneyville Correctional Center in Pinckneyville, Illinois. Upon arrival petitioner was put in a segregation cell.

About March 25, 2010, petitioner appeared before Lieutenant Brett Klindworth and another lieutenant to discuss the incident. He was eventually issued a disciplinary report charging him with assault, insolence, and unauthorized movement. While in segregation, petitioner was not allowed a pen or paper to prepare a written defense or allowed to request witnesses.

In early April 2010, petitioner appeared before the Adjustment Committee. The Committee found him guilty of intimidation, insolence, and unauthorized movement. Thereafter petitioner was removed from the Impact Incarceration Program, and thus became ineligible for an early release by July 26, 2010. Instead, petitioner says he

will not be released until October 2011.[1]

Petitioner argues that the prison's disciplinary proceedings were conducted in violation of federal due process. He claims (1) he was not given pen or paper to prepare his written defense while in segregation for 60 days; (2) respondents' agents failed to call witnesses at his hearing before the Adjustment Committee; (3) respondents' agents failed to record his oral defense accurately or preserve a factual record; and (4) the decision to remove him from the Impact Incarceration Program was arbitrary.

Petitioner now requests an evidentiary hearing on whether the disciplinary proceedings were conducted in violation of due process. He asks the Court to grant his writ of habeas corpus and effect his release from custody.

**IT IS HEREBY ORDERED** that respondents shall, within twenty-three (23) days of receipt of this application for writ of habeas corpus (Doc. 1), answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to LOCAL RULE 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United

---

[1] This includes a two-year reduction for good conduct.

States Magistrate Judge for disposition, as contemplated by LOCAL RULE 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 17th day of May, 2011.

David R. Herndon
2011.05.17
15:37:43 -05'00'

**Chief Judge**
**United States District Court**